UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ____11/15/2021____

---

STATE OF NEW YORK; STATE OF
CONNECTICUT; STATE OF DELAWARE;
COMMONWEALTH OF MASSACHUSETTS;
STATE OF NEW JERSEY; and the CITY OF
NEW YORK,

     Plaintiffs,

   v.

MICHAEL S. REGAN, in his official capacity as
the Administrator of the United States
Environmental Protection Agency, and the
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

     Defendants.

No. 21 Civ. 252 (ALC)

**CONSENT DECREE**

---

## CONSENT DECREE

WHEREAS, on January 12, 2021, Plaintiffs the States of New York, Connecticut, Delaware, Massachusetts, and New Jersey, and the City of New York ("Plaintiffs") filed Case No. 21 Civ. 252 (ALC) against Andrew R. Wheeler, in his official capacity as the Administrator of the United States Environmental Protection Agency, and the United State Environmental Protection Agency (hereinafter "EPA" or "Defendants");

WHEREAS, Michael S. Regan was sworn in as EPA Administrator on March 11, 2021, and is automatically substituted as a party for former Administrator Andrew Wheeler, pursuant to Federal Rule of Civil Procedure 25(d);

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

1

WHEREAS, on October 1, 2015, pursuant to CAA section 109(d)(1), 42 U.S.C. § 7409(d)(1), EPA promulgated a final rule revising the primary and secondary ozone National Ambient Air Quality Standard ("NAAQS"), *National Ambient Air Quality Standards for Ozone*, 80 Fed. Reg. 65,292 (Oct. 26, 2015) (the "2015 ozone NAAQS");

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), "[e]ach State shall . . . submit to the Administrator, within 3 years . . . after the promulgation of a [primary NAAQS] (or revision thereof) under section 7409 of this title for any air pollutant, a plan which provides for implementation, maintenance, and enforcement of such primary standard in each air quality control region (or any portion thereof) within such State." The submittal required by CAA section 110(a) is often referred to as an infrastructure state implementation plan ("SIP");

WHEREAS, CAA section 110(a)(2)(A)-(M), 42 U.S.C. § 7410(a)(2)(A)-(M), including CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), often referred to as the "good neighbor" provision, requires such SIPs to "contain adequate provisions prohibiting . . . any source or other type of emissions activity within the State from emitting any air pollutant in amounts which will contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any such [NAAQS]";

WHEREAS, the "contribute significantly to nonattainment" clause of the good neighbor provision is often referred to as "prong 1" and the "interfere with maintenance" clause is often referred to as "prong 2";

WHEREAS, CAA section 110(k) sets forth a process for EPA's review of SIP submissions and revisions. 42 U.S.C. § 7410(k). Pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), "[w]ithin 60 days of the Administrator's receipt of a plan or plan revision, but no later than 6 months after the date, if any, by which a State is required to submit

2

the plan or revision, the Administrator shall determine" whether a SIP submission meets statutory criteria for being complete, and "[a]ny plan or plan revision that a State submits to the Administrator, and that has not been determined by the Administrator (by the date 6 months after receipt of the submission) to have failed to meet the minimum criteria . . . , shall on that date be deemed by operation of law to meet such minimum criteria[;]"

WHEREAS, pursuant to CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), "the Administrator shall act on" SIP submissions "[w]ithin 12 months of a determination by the Administrator (or a determination deemed by operation of law) . . . that a State has submitted a plan or plan revision (or, in the Administrator's discretion, part thereof)" meeting any applicable minimum criteria, and EPA "shall act on the submission," by full or partial approval or disapproval, including conditional approval, in whole or in part;

WHEREAS, pursuant to CAA section 110(c)(1), 42 U.S.C. § 7410(c)(1), EPA "shall promulgate a Federal implementation plan at any time within 2 years after the Administrator" either finds that a State has failed to make a complete SIP submission or "disapproves a [SIP] submission in whole or in part";

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), "each State shall . . . within 3 years . . . after the promulgation" of the 2015 ozone NAAQS, i.e., by October 1, 2018, "adopt and submit" a SIP to EPA;

WHEREAS, Plaintiffs allege that EPA has failed to perform a duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, in whole or in part, certain 2015 ozone NAAQS infrastructure SIP submissions addressing the good neighbor provision from the States of Indiana, Kentucky, Michigan, Ohio, Texas, and West Virginia;

3

WHEREAS, Plaintiffs seek, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations with respect to these States' SIP submissions under CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4);

WHEREAS, Plaintiffs and EPA have agreed to settle this action without admission of any issue of fact or law;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of the claims in this case;

WHEREAS, Plaintiffs and EPA agree that resolution of this lawsuit without further litigation is in the best interests of the parties, the public, and judicial economy;

WHEREAS, Plaintiffs and EPA agree that this Court has subject matter jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), sufficient for the Court to enter this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## GENERAL TERMS

1. This Court has jurisdiction to enter this Consent Decree and, pursuant to the Consent Decree, to order the relief stated herein.

2. This Consent Decree applies to, is binding upon, and inures to the benefit of the parties (and their successors, assigns, and designees).

## EPA ACTIONS

3.    No later than **April 30, 2022**, EPA shall sign for publication in the *Federal Register* notices of final agency action to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, SIP submissions pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C. §§ 7410(k)(2)-(4), for the following States and elements of section 110(a)(2), 42 U.S.C. §§ 7410(a)(2) for the 2015 ozone NAAQS:

|     | STATE | SIP ELEMENT |
| --- | --- | --- |
| a. | Indiana | CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. §§ 7410(a)(2)(D)(i)(I) (prongs 1 and 2) |
| b. | Kentucky | CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. §§ 7410(a)(2)(D)(i)(I) (prongs 1 and 2) |
| c. | Michigan | CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. §§ 7410(a)(2)(D)(i)(I) (prongs 1 and 2) |
| d. | Ohio | CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. §§ 7410(a)(2)(D)(i)(I) (prongs 1 and 2) |
| e. | Texas | CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. §§ 7410(a)(2)(D)(i)(I) (prongs 1 and 2) |
| f. | West Virginia | CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. §§ 7410(a)(2)(D)(i)(I) (prongs 1 and 2) |

4.    Notwithstanding Paragraph 3, for each SIP submission in Paragraph 3 for which EPA signs by **February 28, 2022** for publication in the *Federal Register* (i) a proposal of full or partial disapproval, and (ii) a proposed federal implementation plan to implement any such fully or partially disapproved SIP submission pursuant to section 110(c) of the CAA, 42 U.S.C. § 7410(c), EPA shall have until **December 15, 2022**, to sign a final action to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, each such SIP submission pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C. §§ 7410(k)(2)-(4).

5.    EPA shall, within ten (10) business days of signature of any final rulemaking required under Paragraphs 3 and 4, send the rulemaking package to the Office of the Federal Register for review and publication in the *Federal Register*.

## TERMINATION OF CONSENT DECREE
## AND DISMISSAL OF CLAIMS

6.    After EPA has completed the final actions required by Paragraphs 3, 4 and 5 of this Consent Decree and all final rulemakings that were sent to the Office of the Federal Register pursuant to Paragraph 5 have been published in the *Federal Register*, this Consent Decree shall terminate and, subject to the Court's retaining jurisdiction for any motion for costs and attorneys' fees pursuant to Paragraph 14 below, the action shall be dismissed with prejudice and without further action of the parties or the Court. EPA may move the Court for an order reflecting that such termination and dismissal has occurred. Plaintiffs shall have fourteen (14) days in which to respond to such motion.

## MODIFICATIONS AND EXTENSIONS

7.    Any provision of this Consent Decree—including any deadline in the Consent Decree—may be modified (a) by written stipulation of the parties or (b) by the Court following motion of any party for good cause shown, which may include a showing that the provision sought to be modified is no longer in the public interest. If the parties modify the Consent Decree pursuant to subsection (a) of this paragraph, EPA shall promptly file a notice with the Court. If one of the parties files a motion to modify the Consent Decree pursuant to subsection (b) of this paragraph, the non-moving party may file a response or opposition within fourteen (14) days. Before filing any motion under subsection (b) of this paragraph, the moving party shall follow the dispute resolution process set forth in paragraph 8 below.

**DISPUTE RESOLUTION**

8.    In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer by phone or videoconference to attempt to resolve the dispute. If the parties are unable to resolve the dispute within thirty (30) days after receipt of the notice of dispute, either party may petition the Court to resolve the dispute.

9.    No party may file a motion to enforce this Consent Decree or for contempt of Court without first following the procedure set forth in Paragraph 8.

**CONTINUING JURISDICTION**

10.   This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

11.   Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree.

**RESERVATIONS**

12.   Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

13.   Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law. By entering into this Consent Decree, Plaintiffs and EPA do not waive or limit

any claim, remedy or defense, on any grounds, related to any proposed or final action EPA

takes with respect to the matters addressed in this Consent Decree.

## COSTS AND ATTORNEYS' FEES

14.   The deadline for Plaintiffs to file a motion for costs of litigation (including

attorneys' fees) for work performed prior to termination of the Consent Decree is hereby

extended until ninety (90) days after this Consent Decree is terminated pursuant to Paragraph

6, above. During this period, the Parties shall seek to resolve informally Plaintiffs' claim for

costs and attorneys' fees. If they cannot, Plaintiffs may file a motion for such costs and fees.

EPA reserves the right to oppose any such motion. The Court expressly retains jurisdiction to

adjudicate any motion arising under this paragraph.

## MUTUAL DRAFTING; HEADINGS

15.   This Consent Decree was jointly drafted by Plaintiffs and EPA. The parties agree

that any rule of construction to the effect that ambiguity is construed against the drafting party

is inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent

Decree.

16.   Headings contained in this Consent Decree are for the convenience of the reader

only and shall not affect the meaning of any of the Consent Decree's terms.

## NOTICE AND CORRESPONDENCE

17.   Any notices required or provided for by this Consent Decree shall be in writing by

e-mail sent to each counsel of record as set forth in the docket for this case.

## APPROPRIATED FUNDS AND FORCE MAJEURE

18.   Plaintiffs and EPA agree that no provision of this Consent Decree shall  be

interpreted as or constitute a commitment or requirement that the United States obligate or

pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

19.  EPA and Plaintiffs recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Consent Decree. Such circumstances include a catastrophic environmental disaster requiring an immediate or highly time-consuming response by relevant offices of EPA, or a lapse in appropriations by Congress resulting in a government shutdown. Should such a delay occur because of an EPA shutdown within one hundred twenty (120) days prior to a deadline set forth in this Consent Decree, such deadline shall be extended automatically one day for each day of the shutdown. Should a delay occur due to a catastrophic environmental disaster within one hundred twenty (120) days prior to a deadline set forth in this Consent Decree, such deadline shall be extended automatically for fourteen (14) days. If EPA invokes this paragraph because of a catastrophic environmental disaster, EPA will provide Plaintiffs with written notice as soon as is reasonably possible and will provide Plaintiffs with an explanation of EPA's basis for invoking this paragraph. Any dispute regarding such invocation shall be resolved in accordance with the dispute resolution provision in Paragraph 8 of this Consent Decree.

## PUBLIC NOTICE; EFFECTIVE DATE

20.  Before this Consent Decree can be finalized and entered by the Court, EPA will publish notice of this Consent Decree in the *Federal Register* and provide an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to

withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General withdraw or withhold consent pursuant to CAA section 113(g), this agreement shall be void and its terms may not be used as evidence in any litigation between the parties. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

21.   This Consent Decree shall become effective upon the date of its entry by the Court.

22.   If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

## REPRESENTATIVE AUTHORITY

23.   The undersigned representatives of Plaintiffs and Defendants certify that they are fully authorized by the parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

*[remainder of this page intentionally left blank]*

## COMPLETE SETTLEMENT

24.   This Consent Decree constitutes a complete settlement of all allegations and claims in this matter, with the exception of plaintiffs' claims for costs and attorneys' fees, which shall be addressed as set forth above in Paragraph 14.

**SO ORDERED** on this _____ day of _____, 2021.

_____
ANDREW L. CARTER, JR.
United States District Judge

COUNSEL FOR PLAINTIFFS:

FOR THE STATE OF NEW YORK
LETITIA JAMES
*Attorney General of New York*

_____
Morgan A. Costello
Chief, Affirmative Litigation
Claiborne E. Walthall
Assistant Attorney General
New York State
Office of the Attorney General
The Capitol
Albany, NY 12224
Telephone: (518) 776-2380
Email: Claiborne.Walthall@ag.ny.gov

FOR THE STATE OF CONNECTICUT
WILLIAM TONG
*Attorney General of Connecticut*

_____
Jill Lacedonia
Assistant Attorney General
Office of the Attorney General

11

## COMPLETE SETTLEMENT

24.  This Consent Decree constitutes a complete settlement of all allegations and claims in this matter, with the exception of plaintiffs' claims for costs and attorneys' fees, which shall be addressed as set forth above in Paragraph 14.

**SO ORDERED** on this _____ day of _____, 2021.

_____
ANDREW L. CARTER, JR.
United States District Judge

COUNSEL FOR PLAINTIFFS:

FOR THE STATE OF NEW YORK
LETITIA JAMES
*Attorney General of New York*

_____
Morgan A. Costello
Chief, Affirmative Litigation
Claiborne E. Walthall
Assistant Attorney General
New York State
Office of the Attorney General
The Capitol
Albany, NY 12224
Telephone: (518) 776-2380
Email: Claiborne.Walthall@ag.ny.gov

FOR THE STATE OF CONNECTICUT
WILLIAM TONG
*Attorney General of Connecticut*

_____
Jill Lacedonia
Assistant Attorney General
Office of the Attorney General

11

## COMPLETE SETTLEMENT

24.  This Consent Decree constitutes a complete settlement of all allegations and claims in this matter, with the exception of plaintiffs' claims for costs and attorneys' fees, which shall be addressed as set forth above in Paragraph 14.


**SO ORDERED** on this 15th day of _____November_____, 2021.

_____
ANDREW L. CARTER, JR.
United States District Judge


COUNSEL FOR PLAINTIFFS:

FOR THE STATE OF NEW YORK
LETITIA JAMES
*Attorney General of New York*

_____
Morgan A. Costello
Chief, Affirmative Litigation
Claiborne E. Walthall
Assistant Attorney General
New York State
Office of the Attorney General
The Capitol
Albany, NY 12224
Telephone: (518) 776-2380
Email: Claiborne.Walthall@ag.ny.gov

FOR THE STATE OF CONNECTICUT
WILLIAM TONG
*Attorney General of Connecticut*

_____
Jill Lacedonia
Assistant Attorney General
Office of the Attorney General

11

165 Capitol Avenue Hartford, CT 06106
Telephone: (860) 808-5250
Email: Jill.Lacedonia@ct.gov

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
*Attorney General of Delaware*

_____
Valerie Satterfield Edge
Christian Douglas Wright
Deputy Attorneys General
Delaware Department of Justice
102 W. Water Street Dover, DE 19904
Telephone: (302) 257-3219
Email: Valerie.Edge@delaware.gov

FOR THE COMMONWEALTH OF
MASSACHUSETTS
MAURA HEALEY
*Attorney General of Massachusetts*

_____
David S. Frankel
Special Assistant Attorney General
Carol Iancu
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Telephone: (617) 963-2294
Email: david.frankel@mass.gov
Email: carol.iancu@mass.gov

FOR THE STATE OF NEW JERSEY
ANDREW J. BRUCK
*Acting Attorney General of New Jersey*

_____
Aaron Kleinbaum
Assistant Attorney General
Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
Telephone: (609) 376-2745

12

165 Capitol Avenue Hartford, CT 06106
Telephone: (860) 808-5250
Email: Jill.Lacedonia@ct.gov

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
*Attorney General of Delaware*

_____

Valerie Satterfield Edge
Christian Douglas Wright
Deputy Attorneys General
Delaware Department of Justice
102 W. Water Street Dover, DE 19904
Telephone: (302) 257-3219
Email: Valerie.Edge@delaware.gov

FOR THE COMMONWEALTH OF
MASSACHUSETTS
MAURA HEALEY
*Attorney General of Massachusetts*

_____

David S. Frankel
Special Assistant Attorney General
Carol Iancu
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Telephone: (617) 963-2294
Email: david.frankel@mass.gov
Email: carol.iancu@mass.gov

FOR THE STATE OF NEW JERSEY
ANDREW J. BRUCK
*Acting Attorney General of New Jersey*

_____

Aaron Kleinbaum
Assistant Attorney General
Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
Telephone: (609) 376-2745

12

165 Capitol Avenue Hartford, CT 06106
Telephone: (860) 808-5250
Email: Jill.Lacedonia@ct.gov

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
*Attorney General of Delaware*

---

Valerie Satterfield Edge
Christian Douglas Wright
Deputy Attorneys General
Delaware Department of Justice
102 W. Water Street Dover, DE 19904
Telephone: (302) 257-3219
Email: Valerie.Edge@delaware.gov

FOR THE COMMONWEALTH OF
MASSACHUSETTS
MAURA HEALEY
*Attorney General of Massachusetts*

---

David S. Frankel
Special Assistant Attorney General
Carol Iancu
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Telephone: (617) 963-2294
Email: david.frankel@mass.gov
Email: carol.iancu@mass.gov

FOR THE STATE OF NEW JERSEY
ANDREW J. BRUCK
*Acting Attorney General of New Jersey*

---

Aaron Kleinbaum
Assistant Attorney General
Division of Law
25 Market St., P.O. Box 093
Trenton, NJ 08625
Telephone: (609) 376-2745

12

Email: aaron.kleinbaum@law.njoag.gov


FOR THE CITY OF NEW YORK
GEORGIA PESTANA
*Corporation Counsel of the City of New York*

Nathan Taylor
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Rm 6-144
New York, NY 10007
Telephone: (646) 940-0736
Email: NTaylor@law.nyc.gov


*Attorneys for Plaintiffs*

13

COUNSEL FOR DEFENDANTS:

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

        PETER ARONOFF
        *Assistant United States Attorney*
        U.S. Attorney's Office
        Southern District of New York
        86 Chambers Street
        New York, New York 10007
        Telephone: (212) 637-2697
        Facsimile: (212) 637-2717
        Email: peter.aronoff@usdoj.gov


        *Attorney for Defendants*


Of counsel:

Daniel Schramm
Office of General Counsel
U.S. Environmental Protection Agency

Rosemary E. Hambright
Office of General Counsel
U.S. Environmental Protection Agency

14